[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13501

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cr-00034-TKW-MJF-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Because any errors in calculating Michael Hill's sentencing range under the United States Sentencing Guidelines here were harmless, we affirm.  The district court said that it would have imposed the same 120-month sentence—the statutory maximum—even if Hill's objections to the Guidelines calculation were correct. Although Hill's calculation would yield a Guidelines range of 70–87 months, the 120-month sentence would remain reasonable even in that case.

I

It is unnecessary to resolve a disputed Guidelines issue on appeal if the alleged error didn't affect the sentence and the sentence is reasonable even if an error occurred. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).  The district court in *Keene*, overruling the defendant's objection to a sentence enhancement, stated that "even if the guideline calculations are wrong, my application of the sentencing factors under Section 3553(a) would still compel the conclusion that a 10-year sentence [120 months] is reasonable and appropriate under all the factors that I considered." *Id.* at 1348–49.  On appeal, we focused on the district court's statement and thereby avoided the enhancement issue.  We did so because, first, the district court had made clear that even if its interpretation and application of the enhancement were wrong, it would still have handed down the same 120-month sentence; and second, the

sentence imposed through this fallback logic was reasonable. *Id.* at 1348–50.

To determine whether the district court's "even if" conclusion was reasonable, we assumed that the court had erred—*i.e.*, that the Guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then analyzed whether the final sentence resulting from consideration of the 18 U.S.C. § 3553(a) factors was nonetheless reasonable. *Id.* at 1349–50. We will do the same here.

## II

Reviewing the reasonableness of a sentence requires a deferential totality-of-the-circumstances inquiry. We "merely ask[] whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189–90 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). We "will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alteration and emphasis omitted).[1]

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing

Still, a court may abuse its discretion and impose an unreasonable sentence if it (1) overlooks relevant significant factors, (2) overemphasizes an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.

A district court imposing an upward variance must provide a justification that is both compelling enough to support the degree of the variance and complete enough to allow for meaningful appellate review. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). In *Early*, we affirmed the district court's 210-month sentence where the guideline range was 78–97 months' imprisonment and the government had recommended a sentence at the low end of the range. *Id*; *see also id*. at 1223 (Martin, J., concurring) (demonstrating that we routinely affirm such dramatic upward variances). There, the district court explained that it was imposing the variance, in part, because the Guidelines range did not adequately account for the number of bank robberies Early had committed. *Id.* at 1222. We rejected Early's contention that the district court had

---

Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

abused its discretion by justifying the variance, explaining that his position amounted to an argument that the district court had given too little weight to the Guidelines range as a relevant § 3553(a) factor. It was not our role, we held, to substitute our judgment for that of the district court in weighing the relevant factors absent a clear error of judgment. *Id.* at 1223.

There was no clear error of judgment here. Quite the opposite, the district court's reasons for increasing Hill's sentence are compelling and complete. First, the court found "most troubling" of all that "the offense that [Hill] committed in this case [*i.e.*, felon in possession of a firearm] was committed at a point in time when [he was] on state probation for, among other things, possession of a firearm by a convicted felon." Doc. 61 at 77:21–77:24. Second, Hill wasn't in possession of any old firearm—it was "a gun with a high-capacity magazine in it." *Id.* at 78:1. Third, not only did Hill ignite a police chase with a minor in his car—in particular, a 17-year-old girl whom he had been trafficking for sexual activity—but he also crashed the car and then sprinted off, abandoning her. That decision, said the district court, "suggests to me someone who has no regard for anyone but themselves." *Id.* at 78:18–78:19. And fourth, Hill's rap sheet includes (among other offenses) "a violent offense involving a discharge of a firearm"—an offense that, the district court reckoned, could've been charged as "attempted murder." *Id.* at 78:20–79:2. Hill, the district court concluded, "has no regard for the law and is a dangerous individual." *Id.* at 79:10–79:11. Accordingly, the court held, even accounting for some mitigating factors (such as Hill's rough childhood, mental-health

struggles, drug issues, and fatherhood status, *id*. at 77), the maximum sentence here was "appropriate," *id*. at 79:13.

The district court did not clearly err. No relevant factor went ignored, and none was overemphasized. The 120-month sentence is **AFFIRMED.**